UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHARLES R. BROWN, | ) |
| | ) |
| Plaintiff, | )  No. 3:13-cv-00423 |
| | )  Judge Sharp |
| v. | ) |
| | ) |
| CCA/METRO DAVIDSON DETENTION FACILITY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **M E M O R A N D U M**

The plaintiff, proceeding *pro se* and *in forma pauperis*, an inmate at the CCA/Metro Davidson Detention Facility in Nashville, Tennessee. He brings this action under 42 U.S.C. § 1983 against the CCA/Metro Davidson Detention Facility as well as Y. Berzmude, and Dr. f/n/u Pelmore, alleging that the defendants failed to provide him with medical attention after a seizure. (Docket No. 1).

### I.  Prison Litigation Reform Act Standard

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.* at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990).

1

## II. Facts

The complaint alleges that the plaintiff suffered a seizure in his cell on June 24, 2012, while incarcerated at the CCA/Metro Davidson Detention Facility, causing injuries to the plaintiff's tongue, head, and shoulder. According to the complaint, the plaintiff sought medical attention almost immediately after the seizure. Corrections Officer Hagstorm called the medical department (hereinafter "medical") and told the plaintiff that he would have to wait on medical to return the call. Officer Hagstorm checked on the plaintiff off and on while waiting for the return telephone call and brought the plaintiff his lunch. While awaiting the call from medical, the plaintiff fell asleep. When he awoke, Officer Hagstorm's shift was over, and the officer who had replaced Hagstorm told the plaintiff that he could not send the plaintiff to medical because the seizure did not occur during his shift.

The next morning, Officer Hagstorm arrived and discovered that the plaintiff had not been seen by the medical staff. At around 8:15 a.m., Officer Hagstorm called defendant Unit Manager Y. Berzmude, who said he/she would be there shortly but Berzmude did not arrive until 3:05 p.m. The plaintiff was upset and "in much pain." Berzmude called medical, and the plaintiff was permitted to go to medical but no one checked on him there. At around 9:45 p.m., a nurse brought the plaintiff's daily medications to him and asked him how he felt.

The following morning, Dr. Pelmore arrived at medical. She did not examine the plaintiff. She asked what happened and, when she learned that the seizure had occurred more than twenty-four (24) hours prior, she told the plaintiff that she was sending him back to his unit. The plaintiff never received any medical attention for the seizure and the resulting injuries which, according to complaint, still bother the plaintiff today. (Attachs. to Docket No. 1).

2

### III. Section 1983 Standard

The plaintiff alleges a claim under § 1983. To state a claim under § 1983, a plaintiff must allege and show: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### IV. Analysis

First, the plaintiff's complaint names as a defendant the CCA/Metro Davidson Detention Facility. However, the facility, like any other jail or workhouse, is not a "person" that can be sued under 42 U.S.C. § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991); *Marbry v. Correctional Med. Servs.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000). Thus, the complaint fails to state a claim upon which relief can be granted against CCA/Metro Davidson Detention Facility.

Next, § 1983 complaints require that plaintiffs clearly specify whether they are suing government-employed defendants in their official or individual capacity. *Beil v. Lake Erie Corr. Records Dep't*, 282 F. App'x 363, 367 (6th Cir. 2008). In his complaint, the plaintiff does not make it clear whether he is suing defendants Berzmude and Pelmore in their individual or official capacities. (Docket No. 1 at p. 4). Generally, if a plaintiff does not specify the capacity of his suit against a defendant, official capacity is presumed unless the allegations of the complaint would provide notice to a defendant of the plaintiff's intent to sue him or her in an individual capacity.

3

*Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991)(citing *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. 1989)); *Shepherd v. Wellman*, 313 F.3d 963, 967-68 (6th Cir. 2002). When a defendant is sued in his official capacity as an employee of the government, the lawsuit is directed against "the entity for which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993).

Here, both defendant Berzmude and Pelmore are employees of the CCA/ Metro Davidson Detention Facility, which is operated by the Metropolitan Government of Nashville and Davidson County. A claim of governmental liability requires a showing that the alleged misconduct is the result of a policy, statement, regulation, decision or custom promulgated by the Metropolitan Government of Nashville and Davidson County or its agent. *Monell*, 436 U.S. 658, 690-691. In short, for the Metropolitan Government of Nashville and Davidson County to be liable to the plaintiff under § 1983, there must be a direct causal link between an official policy or custom and the alleged violation of the plaintiff's constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Here, the plaintiff offers nothing to suggest that his rights were violated pursuant to a policy or regulation of the Metropolitan Government of Nashville and Davidson County. Consequently, the plaintiff has failed to state a claim upon which relief can be granted against defendants Berzmude and Pelmore in their official capacities.

## V. Conclusion

For these reasons, the court finds that the plaintiff's complaint fails to state claims upon which relief can be granted under 42 U.S.C. § 1983 as to all named defendants. 28 U.S.C. § 1915A. In the absence of an actionable claim, the court is obliged to dismiss the complaint *sua*

*sponte*.  28 U.S.C. § 1915(e)(2).   Accordingly, the complaint will be dismissed.

    An appropriate Order will be entered.

                                                       */s/ Kevin H. Sharp*

                                                     Kevin H. Sharp
                                                     United States District Judge